IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID EARL LYONS**                                                                **PETITIONER**

v.                                                                          No. 1:16CV143-SA-DAS

**MARSHALL FISHER, ET AL.**                                                  **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of David Earl Lyons for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>    (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>        (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of

exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

David Earl Lyons is in the custody of the Mississippi Department of Corrections and is housed at the Mississippi State Penitentiary in Parchman, Mississippi. Lyons was convicted of D.U.I. – 3rd Offense in the Circuit Court of Monroe County, Mississippi and sentenced to serve a term of five years, as a habitual offender, in the custody of the Mississippi Department of Corrections. Lyons appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On July 26, 2016, the court of appeals affirmed Lyons' conviction and sentence. *Lyons v. State*, 196 So.3d 1131 (Miss. Ct. App. 2016)(Cause No. 2014-KA-00861-COA). Lyons did not seek rehearing, which prevented him from seeking *certiorari* review in the Mississippi Supreme Court. On August 16, 2016, the court of appeals' mandate issued. On November 9, 2015, prior to the conclusion of his direct appeal, Lyons filed an application for permission to proceed with a motion for post-conviction collateral relief in Mississippi Supreme Court Cause No. 2015-M-01678. On April 6, 2016, the Mississippi Supreme Court dismissed Lyons' application without prejudice as premature, noting that Lyons' direct appeal was still pending at the time. At present, Lyons has not filed a proper

application for permission to proceed with a motion for post-conviction collateral relief in the Mississippi Supreme Court following the conclusion of his direct appeal.

Thus, Mr. Lyons still has the remedy of state post-conviction collateral relief which he may pursue in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of August, 2017.

/s/ Sharion Aycock
**U. S. DISTRICT JUDGE**